UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CAROLYN WILLIAMS, VALERIUS WILLIAMS, and MICHAIAELLA BRYANT-WILLIAMS, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:09-CV-177-PPS |
| STATE FARM INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on defendant State Farm Insurance Company's motion for partial summary judgment on the attorneys' fees sought by plaintiffs Carolyn Williams, Valerius Williams and Michaiaella Bryant-Williams (collectively, "Williams") in connection with their breach of contract claim against State Farm [DE 24]. For the reasons discussed below, State Farm's motion is **GRANTED**, and Williams' claim for attorneys' fees under IC 34-52-1-1 is dismissed because that statute is not binding on this court under the *Erie* doctrine.

State Farm is the insurer on Williams' home, which was destroyed by fire on February 2, 2008 [DE 1 at 2, ¶¶ 5 & 7]. Williams submitted a claim on the policy and State Farm denied coverage, asserting that the fire was intentionally set and that plaintiff Carolyn Williams or "someone acting under [her] direction or control was involved in starting the fire for the purpose of obtaining insurance benefits" [DE 28 at 11, Ex. 5]. As a result of the denial of coverage, Williams filed this lawsuit, asserting claims for breach of contract and breach of the duty of good faith [DE 1]. Williams originally filed in Indiana state court, but State Farm subsequently

1

removed the action on diversity grounds [DE 2]. Williams later voluntarily withdrew the claim for breach of the duty of good faith, leaving only the breach of contract claim [DE 19], for which Williams seeks attorneys' fees and other relief [DE 1]. State Farm asserts a number of affirmative defenses to the breach of contract claim, including an arson defense; as mentioned, State Farm believes that the fire that destroyed Williams' home was intentional [DE 10 at 10, ¶ 13].

State Farm's pending motion seeks a summary judgment that Williams is not entitled to recover attorneys' fees in connection with the breach of contract claim, on the ground that no contractual obligation or statutory authority supports the recovery of fees [DE 24 & 25].

Williams agrees that there is no contractual basis for recovering fees. But she contends that fees still may be awarded pursuant to IC § 34-52-1-1(b), Indiana's frivolous litigation statute, which provides for an award of fees where a party asserts a defense that is frivolous, unreasonable, or groundless, or continues to litigate a defense that has clearly become frivolous, unreasonable, or groundless. *See* IC § 34-52-1-1(b). Specifically, Williams argues that summary judgment should be denied because a genuine dispute exists as to whether State Farm's arson defense is frivolous, unreasonable or groundless [DE 28 at 4].

Because the Court in this case exercised diversity jurisdiction over state law claims, the substance of Williams' claims are governed by state law. The Supreme Court has explained that state law generally governs an award of attorneys' fees in a diversity case, such as this one, at least "where the state law does not run counter to a valid federal statute or rule of court." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975); *see also First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1014 (7th Cir. 1985)

(question of whether attorneys' fees may be awarded in diversity case must be decided under state law); *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 663 (7th Cir. 1982) (same), *overruled on other grounds by Gardynski-Leschuck v. Ford Motor Co*., 142 F.3d 955 (7th Cir. 1998).

State Farm contends that there is no contractual or statutory basis for the recovery of fees on Williams' breach of contract claim. Williams does not dispute that the contract on which she is suing provides no basis for a fee recovery. Nor does Williams identify an Indiana fee-shifting statute that would provide a basis for the prevailing party to recover fees. But she nonetheless insists that a statutory basis is supplied by IC § 34-52-1-1, the general Indiana statute providing for attorney fees in frivolous actions.

The problem with this argument is that IC § 34-52-1-1 is inapplicable in federal court. As noted above, attorney fee issues in a diversity case are generally governed by state law. But this is true only when the state law at issue is *substantive* in nature. Considering an Ohio statute similar to Indiana's frivolous litigation statute, the Sixth Circuit explained that the Ohio statute "is a general statute that allows for the award of attorney fees based upon the conduct of the parties and the attorneys in filing and litigating the claim, rather than for success on the underlying merits of the claim." *First Bank of Marietta v. Hartford Underwriters Ins. Co*., 307 F.3d 501, 529 (6th Cir. 2002). The Sixth Circuit concluded that the Ohio statute authorizing an award of attorneys' fees for frivolous conduct was procedural in nature, and thus that Federal Rule of Civil Procedure 11, rather than the state statute, "should govern the award of sanctions for frivolous conduct." *Id.*; *cf. Chambers v. NASCO, Inc*., 501 U.S. 32, 52-53 (1991) (federal courts sitting in diversity apply state fee statutes "only to fee-shifting rules that embody a substantive policy, such as a statute which permits a prevailing party in certain classes of

3

litigation to recover fees"); *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891, 2008 WL 408417, at *2 (E.D. Mich. Feb. 11, 2008) (Michigan frivolous litigation statute inapplicable in diversity suit because procedural not substantive).

I find that the Indiana frivolous litigation statute is likewise procedural because it allows for the award of fees based upon the conduct of the parties and the attorneys in filing and litigating the claim, rather than on a claim's underlying merits. So that statute is inapplicable here, and thus cannot provide a basis for Williams to recover fees. *See First Bank of Marietta*, 307 F.3d at 529; *see also Chambers*, 501 U.S. at 52-53.

I note that neither party has addressed whether Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927 (the federal analogue to the state statute relied upon here) could support a sanction in this case. In any event, those are matters that can be taken up by the parties after trial if they deem it to be appropriate. I express no view at this time on the merits of any such motion.

## CONCLUSION

In sum, under the *Erie* doctrine, because IC § 34-52-1-1 is a procedural statute, any claim that Williams may have under that statute is not binding on this Court and is thus dismissed. Moreover, I find that there is no state law basis for Williams to recover attorneys' fees, either under the contract at issue or pursuant to a state statute that embodies a substantive state policy permitting the prevailing party to recover fees. So State Farm's motion for partial summary judgment on the issue of attorneys' fees is **GRANTED** on that basis.

4

**SO ORDERED.**

ENTERED:  May 26, 2011

                                                              s/ Philip P. Simon
                                                              PHILIP P. SIMON, CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT